Foster, J.
This is an appeal by the employer and insurance carrier from a decision and award made by the Workmen’s Compensation Board in favor of the claimant for total disability, arising from an alleged occupational disease and covering the period from February 15,1944, to June 23,1945. It was directed by the last decision of the board that the case be continued for further consideration of disability.
There is no dispute as to the facts. Claimant had been an accountant, and prior to the employment involved in this case had practiced that profession. His eyesight became so impaired that he was compelled to abandon that occupation. It appears that the impairment of his eyesight was due to functional defects arising from natural causes. He appealed to the Rehabilitation Bureau of the State Department of Education for training in another occupation, and was thereafter trained to be a masseur.
He secured a position as a masseur with the respondent-employer herein and apparently worked at this occupation for about nine months. On or about August 20, 1943, he contracted a skin disease known as dermatitis venenata. It is conceded that this disease was the result of his employment as a masseur, and was due 'to the nature of this occupation and the use of ingredients essential thereto, such as witch hazel, alcohol and other lotions.
Appellants raise two points upon this appeal: (1) That claimant was not suffering from any disability attributable to the nature of his employment during the period covered by the award; (2) that the award is in violation of section 15 of the Workmen’s Compensation Law.
It appears that the claimant was disabled at several different times by the dermatitis mentioned, and on each occasion was obliged to stop work as a masseur. The condition cleared up after treatment but each time claimant returned to work the dermatitis returned. The carrier and the employer recognized claimant’s right to compensation for .disability as it actually occurred, and paid the compensation up to and including the date on which claimant was examined and found to have no further disability due to the dermatitis. That examination was made February 14,1944.
The controversy in the case arises over this situation. So long as claimant refrains from attempting to work as a masseur he *578 does not suffer from dermatitis. Appellants argue that since he no longer suffers from dermatitis he is not entitled to an award for disability based upon the claim of an occupational disease simply because he cannot work as a masseur without contracting the disease. They concede that he is industrially blind, and was so at the time he became a masseur; and also, in his present state of training at least that he is unable to engage in any occupation other than that of a masseur.
Inherent in their argument is the assertion that claimant’s blindness is in no way related to his employment as a masseur, and hence that the employer is not liable for any result caused by this physical defect; that since claimant is not now suffering from dermatitis the board had no authority to make an award simply upon the basis that he would contract this disease again if he went back to work as a masseur.
The right to compensation for disability due to an occupational disease is governed entirely by the Workmen’s Compensation Law. Section 37 defines disability as “ # * * the state of being disabled from earning full wages at the work at which the employee was last employed.” Section 39 of the same statute provides generally that if the disease is due to the nature of the employee’s last employment, and was contracted therein, he shall be entitled to compensation. These statutory directives, coupled with the familiar principle that an employer takes an employee as he finds him, whatever the latter’s physical idiosyncrasies may be, or the allergies to which he may be subject, furnishes justification upon the conceded facts for the finding that claimant contracted an occupational disease, and became entitled to compensation for the disability resulting therefrom.
It is, also, the contention of appellants that the award appealed from is in violation of subdivision 8-a of section 15 of the Workmen’s Compensation Law. [Repealed by L. 1945, ch. 872.] This part of the statute provides substantially that an employee who is disabled by injury or disease of such a nature that it is likely to become permanently disabling in the event of further- injury, and who receives a. subsequent injury or contracts an occupational disease shall receive compensation on the basis of the combined disabilities, but the. employer shall be liable only for the disability which would have resulted from the last injury or occupational disease if there has been no previous disability or impairment. This amendment was added to the statute by chapter 749 of the Laws of 1944, and did not become effective until *579 May 1, 1944. Claimant was disabled several months prior to this effective date. It is apparent from the language of the amendment that 'it was not the legislative intent to make the same retroactive. Obviously it was designed to assist and encourage the employment of servicemen who returned suffering from various disabilities. The Legislature sought to induce the employment of disabled veterans, and others, by limiting the liability of employers in certain cases. The very problem presented, which could be remedied only by legislation looking to the present and the future, precludes the idea that the amendment was intended to be retroactive. We think, therefore, that the award was proper under section 39 of the Workmen’s Compensation Law.
The decision and award should be affirmed, with costs to the Workmen’s Compensation Board.
Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur.
Decision and award affirmed, with costs to the Workmen’s Compensation Board. [See post, p. 1040.]